IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HUDSON YACHT AND MARINE CO, LTD<br>Ju Jiang Village, Shi Jing, Nan An,<br>Quanzhou, Fujian Province, 362343<br>China<br><br>    *Plaintiff*,<br><br>v.<br><br>ROCKNAK LLC<br>10 Camden Street<br>Rockport, ME 04856<br>Serve On: Mary Batakis<br>       10 Camden Street<br>       Rockport, ME 04856<br><br>    and<br><br>W. SCOTT ROCKNAK<br>P.O. Box 339<br>Rockport, ME 04856<br><br>    *Defendants*. | Civil Action No. |

§ § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § §

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, Hudson Yacht and Marine CO, LTD, hereinafter "HYM", as Manufacturer of HH Catamarans, hereinafter "Manufacturer", by and through undersigned counsel, and pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 2201, *et seq*., Rule 57 of the Federal Rules of Civil Procedure, against Rocknak LLC, and W. Scott Rocknak, collectively "Defendants", for declaration that agreement between the parties is terminated, and as grounds therefore states:

**<u>SUMMARY OF ACTION</u>**

In Fall 2018, HYM invited Mr. Rocknak to the Annapolis Boat Show, where he produced

a video about the HH Catamaran at the show. Thereafter, HYM invited Mr. Rocknak to France, where HYM and Rocknak and LLC signed an Non-Exclusive Agency Agreement which was for work to occur only in the United States. Subsequently, Defendants performed service for HYM and was compensated for those services. Several boats whose ultimate buyers Defendants introduced to HYM are still under construction. Mr. Rocknak decided to pursue a political career and contacted HYM President to advise that Defendants would not be performing any further services for HYM. HYM agreed to part ways and terminated the contract. In August 2022, the parties formally agreed to terminate any relationships that they may have still had at that time. After Mr. Rocknak's failed election bid, he tried to return to HYM and began to make demands of HYM. HYM politely reminded Defendants that the contract terminated and was not renewed. Defendants demand compensation, in excess of $75,000.00.

## PARTIES

1. Plaintiff Hudson Yacht and Marine CO, is a company formed under the Laws of Taiwan, and whose principal place of business is located in China.

2. Defendant Rocknak LLC is a Limited Liability Company formed under the Laws of Maine, and whose principal place of business is located in Maine.

3. Defendant W. Scott Rocknak, upon information and belief, is a citizen of Maine and the sole member of Rocknak LLC.

## JURISDICTION AND VENUE

4. This action arises within the Declaratory Judgment Act, 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

5. Subject Matter Jurisdiction of this matter arises under 28 U.S.C. § 1332(a)(1).

6. The amount of controversy exceeds $75,000.00 USD, per 28 U.S.C. § 1332(a).

7. Venue is proper in this Court as the impetus for the retention of the services of Rockank occurred in Annapolis, Maryland. Furthermore, the only boat shows in the United States which HYM attends, and where the Non-Exclusive Agency Agreement could be performed are, are in Maryland, Florida or Rhode Island.

8. The events, acts, and circumstances giving rise to this action arise in Annapolis, Maryland.

### FACTS

9. In Fall 2018, HYM invited Mr. Rocknak to the Annapolis Boat Show, where he produced a video about the HH Catamaran at the show.

10. On or about April 28, 20219 HYM entered into a agency agreement with W. Scott Rocknak and Rocknak, LLC, hereinafter "Non-Exclusive Agency Agreement". *Agency Agreement*, *Exhibit A*.

11. The contract was self-renewing, unless terminated by the parties. *See Section 7*.

12. Defendants breached the Non-Exclusive Agency Agreement, on several occasions, in particular that they failed to forward payments to HYM as required by Section 6, but rather would hold the deposit in Defandants' own escrow account.

13. Defendants further breached the Non-Exclusive Agency Agreement, by offering services, encouraging, and accepting engagement by buyers of HYM products to provide adversarial advocacy services against HYM.

14. In 2022, the Parties began negotiations of a new contract.

15. On April 5, 2022, HYM sent a revised Agent Agreement to Defendants.

16. On April 15, 2022, HYM again followed up with Defendants regarding the proposed Agency Agreement, but received no response.

17. After this time, Scott Rocknak advised that he was pursuing a political career and requested to terminate any relations to HYM.

18. HYM accepted this termination of the Defendants.

19. On August 24, 2022, Defendants contacted the owner of HYM and made a list of demands against HYM, related to alleged clients generated during 2022.

20. On August 24, 2022, at 8:06 AM, Defendants offered to terminate any relationship with HYM. *Exhibit C*.

21. On August 24, 2022, at 4:30 PM, HYM agreed to formally terminate the relationship, to the extent any relationship existed. *Exhibit C*.

22. On December 29, 2023, Defendants again made a demand for compensation.

23. Defendants' current position is that the Non-Exclusive Agency Agreement is in effect until April 2025.

24. Defendants are not currently, nor recently provided any sales leads to HYM.

25. Defendants demand compensation in excess of $75,000.00.

## COUNT I
### DECLARATORY JUDGEMENT
### All Defendants

24. Plaintiff reasserts and re-alleges each and every allegation set forth in the preceding paragraphs above as if more fully set forth at length herein.

25. An actual controversy exists as to the Non-Exclusive Agency Agreement.

26. On or about April 28, 20219 HYM entered into an agency agreement with W. Scott Rocknak and Rocknak, LLC, hereinafter "Non-Exclusive Agency Agreement". *Exhibit A*.

27. In 2022, Defendants contacted HYM and advised that they wished to terminate the contract due to Mr. Rocknak's election bid.

28. HYM accepted this termination.

29. On August 24, 2022, at 8:06 AM, Defendants offered to formally terminate any relationship with HYM. *Exhibit B*.

30. On August 24, 2022, at 4:30 PM, HYM agreed to formally terminate any relationship to the extent that any relationship existed. *Exhibit B*.

31. HYM seeks the determination of this Court that the Non-Exclusive Agency Agreement terminated on April 5, 2022.

32. HYM seeks further determination of this Court that any and all obligations by HYM to Defendants terminated no later than August 24, 2022.

WHEREFORE, Plaintiff, Hudson Yacht Marine, respectfully requests:

A. That this Court, pursuant 28 U.S.C. § 2201, *et seq*. and Rule 57 of the Federal Rules of Civil Procedure, enter judgment in favor of the Plaintiff, Hudson Yacht Marine; and further

B. That this Court find that the Non-Exclusive Agency Agreement terminated on April 5, 2022; and

C. That this Court find that that any and all obligations by HYM to Defendants terminated no later than August 24, 2022.; and further

D. That this Court order the Defendants, jointly and severally, to pay the Plaintiff, HYM, the cost of this proceeding, including post judgment interest; and

E. That this Court grant the Plaintiff, such other and further relief as the justice of its case may require.

Respectfully Submitted this
13th day of March, 2024.

　　　　　　　　*/S/ Todd D. Lochner*
Todd D. Lochner (Bar No. 25691)
Lochner Law Firm, P.C.
91 Main St., 4th Floor
Annapolis, MD 21401
T: (443) 716-4400
F: (443) 716-4405
tlochner@boatinglaw.com

　　　　　　　　*/S/ Eugene E. Samarin*
Eugene E. Samarin (Bar No. 19612)
Lochner Law Firm, P.C.
91 Main St., 4th Floor
Annapolis, MD 21401
T: (443) 716-4400
F: (443) 716-4405
esamarin@boatinglaw.com

*Attorneys for Hudson Yacht Marine*